Matter of the estate of Cohen.

## SURROGATE'S COURT.

### In the Matter of the estate of MOSES S. COHEN, deceased.

*Surrogate of New York — His jurisdiction to vacate, modify and rescind orders obtained by fraud.*

The jurisdiction to vacate, modify and rescind orders in cases where the court has been imposed upon, is exercised by the supreme court without question as to its right and authority so to do.

The same power is conferred upon the surrogate of the city of New York by section 1 of chapter 359, Law of 1870, which provides that "the surrogate of this county has jurisdiction to set aside, open, vacate or modify the orders and decrees of this court with the same power as is exercised by courts of record of general jurisdiction."

Accordingly, where, on application to the surrogate for an order vacating and setting aside two orders, one of which accepts the resignation of D. B. as general guardian of minors and discharging him from his trust as such guardian, and the other of said orders releasing said guardian and his sureties from all future liability upon his official bond and for other and future relief:

*Held,* that it appearing to the satisfaction of the surrogate that the orders were procured from his predecessor by false statements made under oath, by a false receipt, by the suppression of facts and by deception practiced upon the court that they should be revoked because of the fraud.

*Held,* further, that the accounting of the general guardian and the orders made thereon present no bar to a proceeding to vacate them for fraud under the act of 1870.

*Ex-Judge Cardozo* and *Richd. S. Newcombe,* for petitioners.

*McDaniel, Lummis & Souther,* for respondent Andrade.

*Albert Bach,* for respondent Rachel Beurimo.

*B. T. Enistein,* for respondent Emanuel Hoffman.

*George A. Baker,* for respondent Angel H. Jacobs.

*Kitchell & Jelliffe,* for respondent Abraham Beurimo.

*County of New York, March,* 1880.

CALVIN, *Surrogate.*— An application was made on the 19th day of November, 1877, by the administrator, &c., of Estelle Cohen, deceased, daughter of the above-named intestate, and by the special guardian of Daniel Cohen, Emma Cohen and Martha Cohen, the three minor children of said decedent, for an order vacating and setting aside the two orders made in the matter of the said estate, one of which orders is dated November 30, 1874, and accepts the resignation of Daniel Beurimo, as general guardian of said minors, and discharges him from his trust as such guardian and the other of said orders is dated December 3, 1874, and releases said guardian and his sureties from all future liability upon his official bond, and for other or further relief.

Upon the return of the order to show cause, issued upon said application, such proceedings were had, that an order of reference was made, whereby the referee therein named was authorized and directed to take proof of the facts and circumstances charged in the said application and of the matters material to the issues joined by the petition and answers, and to report the proofs taken by him, with his opinion thereon, to this court.

The referee so appointed filed his report on the third day of June, 1879, together with the testimony taken by him, and also filed a supplemental report on the 19th day of June, 1879.

These two reports contain twenty separate and distinct findings of fact, but the said referee has not given what may technically be called an opinion ; but he, without doubt, considered that his report upon the facts and circumstances of this case, as found in and by his said reports, sufficiently indicated what his opinion was in the matter.

All the testimony taken by the said referee having been returned by him with his said reports, it would seem to be immaterial whether the referee has actually given a technical opinion, as directed by the said order of reference, or not, for the reason that I have all said evidence before me and am enabled to form my own conclusions therefrom, as well without the opinion of the said referee as with it.

I have very carefully considered the said testimony and the briefs submitted by the respective counsel and am clearly of the opinion that all of the said findings of the said referee are fully sustained by the testimony returned by him with his said report, and particularly that the said two orders above referred to were procured from my predecessor by false statements made under oath, by a false receipt, by the suppression of facts and by deception practiced upon the court, with all of which findings I fully concur, and without recapitulating the said testimony, I proceed to the consideration of the questions put in issue by the petition and answers herein.

I entertain no doubt of my authority to vacate said orders under the power conferred upon me by the Session Laws of 1870, chapter 359, section 1, whereby the surrogate of this county has jurisdiction to set aside, open, vacate or modify the orders and decrees of this court with the same power as is exercised by courts of record of general jurisdiction.

The jurisdiction to vacate, modify and rescind orders in cases where the court has been imposed upon, is exercised by the supreme court without question as to its right and authority so to do (*In re Foster on Petition of Whittlesey*, 15 *Hun*, *p.* 387).

It, therefore, follows that the point taken by the counsel for Andrade, that the accounting of Daniel Beurimo, and the orders made thereon work an estoppel is not tenable, except to this extent, that while said orders remain in full force they are conclusive, but in a proceeding to vacate them for fraud under the said act of 1870 they present no bar to such proceeding.

Having arrived at the conclusion that the said orders should be revoked because of the fraud in which they were conceived, it seems to follow that the letters of guardianship issued to Abraham Beurimo should also be revoked, and he removed from his trust, for the reason that he, knowingly, participated in the deception practiced upon the court in the proceeding in which said orders were made allowing Daniel Beurimo to resign his trust as guardian and discharging his sureties.

Matter of the estate of Cohen.

A point is also raised that some of the evidence of Abraham Beurimo is incompetent, under section 829 of the Code, he having testified that the receipt given by him to Daniel Beurimo was not true; but it is contended by the counsel for the petitioner that the testimony in respect to said receipt was not such a transaction as that contemplated by said Code, and that no one can raise that objection except the administratrix of the estate of said Daniel Beurimo, deceased, or a survivor of said Daniel who did not object; I am, therefore, inclined to the opinion that said testimony was properly taken and should remain in the case, and that no objection was made to its reception by a party having a right to interpose the provisions of said Code; but, however this may be, I am clearly of the opinion that the books of D. & A. Beurimo, which were duly introduced and received in evidence, without objection, prove the petitioner's case without reference to the testimony of Abraham Beurimo as to the falsity of the receipt given by him, for it appears, from said books, that tobacco and not United States bonds was passed over by Daniel to Abraham and there can be no pretense that both tobacco and United States bonds were handed over by Daniel to Abraham.

The petitioners pray that an account be taken of the matters of the said guardianship of said Daniel Beurimo, and that an order may be made that the administratrix of Daniel Beurimo pay the amount found due, and in default thereof that the bonds executed by said Daniel Beurimo as such guardian and his sureties be delivered up and assigned to said petitioners for prosecution.

After carefully examining all the papers submitted to me in this matter, I can see no necessity for any further accounting on behalf of Daniel Beurimo or his estate, for the reason that it would create an unnecessary expense, and for the controlling reason that the correctness of the account filed by him in the proceedings in which said orders were made, has not been questioned by any one. In that account he showed

the true amounts with which he was chargeable in his guardianship of each of said minors.

The accounting was therefore correct, right and proper. It was the false statement to the effect that he, Daniel, had delivered to Abraham the estates of his several wards in cash and United States bonds, and the equally false statement in the receipt of said Abraham, that he had received from said Daniel the said estates, in cash and United States bonds, which constituted the fraud. It was these falsehoods that induced the surrogate to grant the said orders which are now sought to be set aside.

It appears, by the account filed by said Daniel Beurimo in the proceeding in which he applied to be released from his trust as guardian, and in which the aforesaid orders were entered, that he claimed to have on hand to the credit of the estate of his ward, Martha Cohen, United States bonds amounting to............................... $6,350 00
And in cash the sum of...................... 325 24

In all ................................... $6,675 24
Also for his ward, Daniel M. Cohen, United States
    bonds amounting to $5,850, and in cash $291.75;
    in all.................................... 6,141 76
Also for his ward, Emma Cohen, United States
    bonds amounting to $5,950, and in cash $298.45;
    in all............................. ........... 6,248 45
And also for his ward, Sarah Cohen, United States
    bonds amounting to $5,850, and in cash $291.76;
    in all.................................... 6,141 76

                                   $25,207 21
And that he also had on hand, to the credit of the
    estate of his late ward, Estella Cohen, then deceased, and belonging to the legal representatives of her estate, the sum of about.......... 7,000 00
Showing a total amount in his hands to the credit
    of the estates of his said wards.............. 32,207 21

Without reference to the market value of said United States bonds at the time of such accounting, I have no doubt but that said account is approximately correct, and very accurately shows the aggregate amount of his liability to the estates of his said wards.

It also appears from the testimony, that said Daniel Beurimo transferred, or rather attempted to transfer, 292 cases of tobacco to said Abraham Beurimo, on account of the moneys due from him to the estates of said minors; that, at the time of such transfer, the firm of D. & A. Beurimo was insolvent; that, upon a sale of said tobacco, the sum of about $23,000 was realized therefor; that proceedings in bankruptcy were instituted, wherein an assignee was appointed; that said assignee claimed that said tobacco belonged to said firm, and demanded that the entire proceeds of said sale should be paid over to him, insisting that the aforesaid transfer was fraudulent and void; that thereupon certain compromise proceedings were commenced in this court, wherein an order was made allowing the compromise to be made upon the terms proposed, by virtue of which the said assignee was authorized to receive the whole of said proceeds, except the sum of $8,202.75, which was, by the provisions of said order of compromise, to inure to the benefit of said minors.

It is, therefore, to be presumed that said compromise was for the best interests of said minors as it had not only the sanction of all the parties in interest, but also the approval of the surrogate.

I have already considered my jurisdiction over the said orders and my authority to vacate or modify the same under the act of 1870, as above stated, and Mrs. Rachel Beurimo, the widow of Daniel Beurimo, deceased, and the administratrix of his estate having been made a party to these proceedings, and having duly appeared herein and submitted herself to the jurisdiction of this court, I am clearly of the opinion that I am empowered to make and enter the order asked for in the petition herein.

---

An order or decree should, therefore, be made herein, revoking and setting aside the said orders of November 30, 1874, and of December 3, 1874, settling the account of said Daniel Beurimo as such guardian, in accordance with the account filed by him on or about the 30th day of November, 1874, crediting him with the sum of $8,205.75, so received from the proceeds of tobacco, as above stated, and upon a proper adjustment of the interest account between the said Daniel Beurimo, or his estate, and the estates of the said minors and that said petitioners should be at liberty to prosecute the official bonds of said Daniel Beurimo.

An order drawn in conformity to the views above expressed may be presented for settlement upon three days' notice.